# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL PILAR TORRES, | Case No. 2:25-cv-02270-RFB-EJY |
| Petitioner, | **ORDER** |
| v. | |
| PAM BONDI, *et al.*, | |
| Respondents. | |

Petitioner Manuel Pilar Torres, immigration detainee, has filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order (TRO). ECF Nos. 1, 2. The Court has reviewed the Petition and Motion and preliminarily believes Petitioner likely can demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

Thus, Respondents are **ORDERED TO SHOW CAUSE** why the (ECF No. 2) Motion for TRO should not be granted. Respondents shall file a response to the Motion "certifying the true cause of detention" within three days, on or before **November 21, 2025**. See 28 U.S.C. § 2243. Petitioner may file a reply on or before **November 26, 2025**.

**IT IS FURTHER ORDERED** that the parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court would be amenable to ruling on the papers if the parties indicate that they are willing to waive a hearing. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. Respondents should file the referenced briefing as an attachment for Petitioner's counsel's review.

**IT IS FURTHER ORDERED** that Respondents must file with their response any documents referenced or relied upon in their responsive pleading. Pursuant to 28 U.S.C. § 2243, Respondents' return must certify the "true cause of the detention." Therefore, if Respondents' asserted basis for detention is reflected in any documents in their possession, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and removal proceedings, Respondents must so indicate, and file said documents with their pleading. Respondents are granted leave to file any documents containing sensitive personal identifying information or law enforcement sensitive information with redactions or under seal, in accordance with Local Rule IA 10-5. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their response.

**IT IS FURTHER ORDERED** that the parties shall file any documents with exhibits or attachments in accordance with Local Rule LR IA 10-3.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any request for extension must be filed as soon as possible, before the deadline has passed.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this District. See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**DATED:** November 18, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**